FILED BY _____ D.C.

Dec 12, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

----------------------------------------------------------------------------------X

SUBJECT ID : 176-17887,

PLAINTIFF,

AGAINST

JENNIFER ZIMMER, ELI LILLY AND COMPANY;  R.J. RAFFA,
J.T. CHARLES, V.V. CHUNDI, and W.B. PAGE, INDIVIDUALLY
AND COLLECTIVELY, DOING BUSINESS AS RADIOLOGY
IMAGING ASSOCIATES, AND  DAVID WATSON,

DEFENDANTS

----------------------------------------------------------------------------------X

COMPLAINT

CIVIL ACTION NUMBER

NON JURY

COMPLAINT FOR  CIVIL ACTION,
A REQUEST FOR INJUCTIVE RELIEF,
PUNITIVE AND COMPENSATORY DAMAGES

Parties to this action:

Plaintiff:           Occupant
                     Box 41
                     Fellsmere, FL 32948
                     No telephone


Defendants:          JENNIFER ZIMMER , located at Eli Lilly and Company, 893
                     Delaware Ave., Center, Indianapolis, IN 46225
                     317-276-2000

                     ELI LILLY AND COMPANY, located at  893 Delaware Ave.,
                     Indianapolis, IN 46225
                     317-276-2000

                     R.J. RAFFA, J.T. CHARLES, V.V. CHUNDI, and W.B. PAGE,
                     INDIVIDUALLY AND COLLECTIVELY, DOING BUSINESS AS
                     RADIOLOGY IMAGING ASSOCIATES, located at 1825 SE Tiffany
                     Ave. Port Saint Lucie, FL 34952 .
                     772-398-2233

DAVID WATSON, located at 1111 SE Indian Street, Stuart, Fl. 34997
772-675-0000

Basis of Jurisdiction:

The plaintiff was a participant in a study to determine the effectiveness of a drug, manufactured, and to be marketed, by the defendant Eli Lilly and Company, hereinafter referred to as "ELC". The defendant Zimmer, hereinafter referred to as "JZ", is an employee, and/or servant and/or agent of ELC, and is the liaison person between ELC, RIA, and David Watson, hereinafter referred to as "DW", as David Watson, is the principal researcher of said study, conducting said study.

Defendants have failed to comply with repeated demands for a complete, unredacted, unaltered, unfabricated, and unmodified, copy of the plaintiff medical records, including but not limited to, a copy of the MRI CD, with the report thereof, performed on the plaintiff, on August 13, 2021, pursuant to the Health Insurance Portability and Accountability Act, herein referred to as HIPAA, by the defendants R.J. RAFFA, J.T. CHARLES, V.V. CHUNDI, and W.B. PAGE, INDIVIDUALLY AND COLLECTIVELY, DOING BUSINESS AS RADIOLOGY IMAGING ASSOCIATES, and/or their servants, and/or agents, and/or employees, hereinafter referred to as "RIA", at the specific request of DW and ELC. Defendants RIA, have repeatedly failed to provide a copy of his and/or her and/or their medical license(s) issued by the State of Florida, failed to conspicuously display same in the public environs of his and/or its and/or their, office, with the intent to impede and/or hinder and/or obstruct, the identity of the alleged medical providers. Pursuant to HIPAA, the plaintiff is entitled to an original, certified, complete, unaltered, unmodified, and unredacted copy of his and/or her, medical records as well as a detailed explanation, and/or description and/or detailed elucidation, of the report of the aforementioned MRI. The defendant RIA has refused to produce a copy of the subject MRI nor a report of the findings thereof, despite numerous requests to all defendants set forth herein, with particular attention to RIA. The plaintiff filed a complaint against the defendants RIA, with the Florida Agency for Health Care Administration, overseen by one Joseph Ladapo, to which resulted in correspondence that the FAHCA had no jurisdiction. Lapapo, by his employment description, oversees medical professionals and the health care system in the State of Florida, but refuses to discharge his executive duties, including but not limited to, entertaining complaints against medical providers, and fails to enforce Florida Law Section 395.302. This lack of discharge of one's statutory responsibility, is indicative of the systemic ineffectiveness, and incompetency, of the DeSantis administration. Lapado is guilty of nonfeasance, misfeasance, and malfeasance, for failing to discharge his professional duties according to statute. The plaintiff is entitled to equal protection, and the fundamental rights, guaranteed by the United States Constitution, and the Amendments thereto. The defendant Zimmer is the liaison person between the defendant RIA and the defendant ELC. and the defendant DW. Thus the plaintiff must resort to the United States District District Court to address his grievances, as relief as not available in the state courts of Florida, pursuant to the provisions of HIPAA. In addition, the defendants violated the Age Discrimination Act of 1975, in refusing to provide the plaintiff with a copy of his and/or her medical records as well as Florida Statute Section 415.111.

Statement of Claim against defendants, individually and/or collectively:

1. Eli Lilly and Company, is a domestic for profit corporation formed by the State of Indiana, in 1903, business identification number 183025-143.

2. Eli Lilly and Company, is a foreign for profit corporation formed in the State of Indiana, in 1903, business identification number 183025-143, and licensed to do business in the State f Florida on December 31, 1962, document number 816588.

3. ELC instituted a drug trial to determine the effectiveness of an experimental drug, with the intent of manufacturing and marketing same, to exploit the public, to its financial advantage, and benefit.

4. JZ was the liaison person for ELC, and was instructed to act as the liaison between DW and RIA, and was the overall supervisor of the subject drug study.

5. ELC retained DW, to manage, oversee, and conduct, the aforementioned drug study, within the southern part of the State of Florida, and to report his findings to JZ.

6. DW conducted the aforementioned study as set forth above, and was responsible for having the plaintiff be a participant in the aforementioned drug trial.

7. The defendants RDI, individually, and/or collectively, are doing business as RIA.

8. The facilities known as the "Radiology Imaging Associates" is not licensed and/or permitted and/or a legal entity, nor accredited, either by common and/or statutory law, pursuant to the laws of the State of Florida.

9. On August 13, 2021, the defendant RIA, performed a PET scan on the subject plaintiff, as a participant of the aforementioned drug trial.

10. The subject drug trial was conducted as a double blinded study, to maintain the anonymity of the participants, and the efficacy, of said study, and to maintain the integrity of same.

11. On August 31, 2021, the plaintiff requested, by written correspondence, a copy of the discs of the MRI, performed on August 5, 2021, and a copy of the disc of the PET scan, performed of August 13, 2021, of the plaintiff, from RIA.

12. Subsequent to August 31, 2021, the plaintiff made numerous request for the subject discs, all of which were ignored, with the exception of RIA providing the plaintiff with a copy of the MRI performed on August 5, 2021.

13. All subsequent requests for a copy of the subject PET scan have been ignored by all defendants, particularly the defendant RDI, both individually, and collectively. The plaintiff is no longer a participant in the aforementioned drug trial.

14. The defendant Zimmer, its their agents, and/or servants, and/or employees, was instrumental, in the withholding of the subject PET scan, are hypocritical, are the height of arrogance, and contempt for its/their patient, and were willful, with malice aforethought, and were the intentional and/or deliberate, and/or conscious, acts of the defendants, individually and/or collectively, their servants, and/or agents and/or employees, by commission and/or omission, were deliberately designed, and/or intended to, and did, inflict emotional pain and suffering, stress, harass, aggravate, cause emotional and psychological distress, and/or upon the plaintiff, and to consume the plaintiff's time and energy, and constitutes neglect of the plaintiff's rights.

15. As being a current non-participant, the plaintiff is entitled to have all of the records, as a participant in the aforementioned drug trial, permanently expunged, destroyed, removed, deleted, erased, and/or excise, regardless of the media implement, to store and/or used and/or retain said records and/or information, in the possession, dominion and/or control of the defendants, individually and/or collectively.

16. The plaintiff is entitled to an original, certified, complete, unaltered, and unredacted, non-fabricated, non-forged, copy of the PET scan done on August 13, 2021, together with the written report thereof, generated by the RIA, pursuant to the applicable provisions of HIPAA, and the laws of the State of Florida.

17. All defendants, individually, and/or collectively, their agents, and/or servants, and/or employees, willfully failed, and/or refused, and/or neglected, and/or withheld, and/or hindered, and/or ignored, and/or mistakenly believed, and/or miscomprehended, and/or misinterpreted, and/or through obstinance, and/or stubbornness, the plaintiff's rights under the Age Discrimination Act of 1975, under the impression that due to the plaintiff's age, that the plaintiff is not protected by the Age Discrimination Act of 1975, and that the plaintiff by would not resort to court intervention to address his grievances, lacked the resolve to do so, lacked the determination, lacked the intelligence, lacked the knowledge, and lacked the resources, to pursue his rights under the Age Discrimination Act of 1975, and HIPAA.

18. The plaintiff has requested a complete, unredacted, unaltered, original, certified, non-fabricated, non-forged copy, of the subject PET Scan, of the plaintiff, generated by RIA, their agents and/or servants and/or employees, performed on August 13, 2021. Said PET scan is in the exclusive possession, and/or dominion, and/or control, of the defendants, individually and/or collectively.

19. The subject PET scan, and the report generated therefrom, is being withheld willfully, with malice aforethought, from the plaintiff, by Zimmer, through her demented concept of the plaintiff rights, and her obligations, under HIPAA, and the statutes of the State of Florida.

20. The plaintiff is entitled to immediate, and permanent injunctive relief, compelling the defendants, individually and/or collectively, to provide a complete, original, certified, unaltered, non-fabricated, non-forged, and unredacted copy of the PET scan performed upon the plaintiff on August13, 2021. The plaintiff is further entitled to permanent injunctive relief, prohibiting the defendants, individually and/or collectively, their agents and/or servants and/or employees, from future withholding his or her medical records, and providing same in a timely manner.

21. The actions, and/or lack thereof, of the defendants, individually and/or collectively, their servants, and/or agents and/or employees, are hypocritical, are the height of arrogance, and contempt for their patient, and were willful, with malice aforethought, and were the intentional and/or deliberate, and/or conscious, acts of the defendants, individually and/or collectively, their servants, and/or agents and/or employees, by commission and/or omission, were deliberately designed, and/or intended to, and did, inflict emotional pain and suffering, stress, harass, aggravate, cause emotional and psychological distress, and/or upon the plaintiff, and to consume the plaintiff's time and energy, and constitutes neglect of the plaintiff's rights.

22. The plaintiff is entitled to compensatory, and punitive damages, due to the aforementioned actions and/or omissions and/or commissions, of the defendants, individually and/or collectively, their agents and/or servants and/or employees, in an amount to be determined by the Court.

23. The plaintiff's health has subsequently deteriorated, including three (3)hospitalizations, and that the subject PT scan, perform on August 13,2021, is necessary for comparison purposes, to guide, and determine, a future course(s) of treatment.

Claim against all defendants, individually and/or collectively:

24. The plaintiff repeats and alleges all of the aforementioned paragraphs.

25. The aforementioned acts, omissions and/or commissions, constitute a violation of Florida statue Section 415.111.

26. As a result of the aforementioned acts, omissions and/or commissions, entitles the plaintiff to compensatory, and punitive damages, as prescribed by said statute.

WHEREFORE, the plaintiff demands relief, as follows:

A. Immediate injunctive relief directing the defendants, individually and/or collectively, their agents, and/or servants and/or employees, from withholding, to immediately provide to the plaintiff, with a complete, original, certified, unaltered, unredacted copy, of the PET scan disc performed on August 13, 2021, together with the report generated therefrom, pursuant to the applicable provisions of HIPAA, and Florida state law.

B. Injunctive relief directing the defendants, individually and/or collectively, their agents, and/or servants and/or employees, from withholding, and to immediately provide to the plaintiff, with a complete copy of the substance of the report, and/or explanation, and/or description, and/or elaboration, of the PET findings, used and/or found, and/or in the possession of, by the defendants, their agents, and/or servants and/or employees, pursuant to the applicable provisions of HIPAA, and Florida state law.

C. Permanent injunctive relief, prohibiting the defendants, individually and/or collectively, their agents, and/or servants and/or employees, from withholding, and to provide to the plaintiff, a complete, original, certified, unaltered, unredacted copy of the PET scan performed on August 13, 2021, of the plaintiff, from the plaintiff.

D. Awarding plaintiff compensatory and punitive damages against the defendants, individually and/or collectively, their agents, and/or servants and/or employees, for their action, and/or actions, and/or omission and/or commissions alleged herein, together with the costs and fees, of this action.

E. A determination of the liability of the defendants, individually and/or collectively, to provide to the plaintiff the PET scan of the plaintiff, done by and/or authorized by, and/or withheld by, and/or suppressed by, the defendants individually and collectively.

F. Upon the finding of liability, in favor the plaintiff, against the defendants, individually and/or collectively, that a trial and/or hearing be held, determining if the plaintiff is entitled to compensatory and/or punitive damages, against the defendants individually and/or collectively, in an amount to be determined by the Court.

G. For such other, and further relief, the Court deems just.

CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief, that this complaint:
1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needless increase the cost of litigation.
2. Is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law.
3. The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.
4. The complaint otherwise complies with the requirements of Rule 11.

DATE: December.8, 2022

SUBJECT ID : 176-17887